UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.     Case No. 8:19-cr-134-T-23CPT

**JAIME LLANES RENDON**
_____/

**SENTENCING MEMORANDUM IN SUPPORT OF
A DOWNWARD VARIANCE**

COMES NOW, the defendant, Jaime Llanes Rendon, by and through undersigned counsel, and submits this memorandum in support of a downward variance from the advisory sentencing guideline range. Specifically, a sentence of 97 months in the Bureau of Prisons is sufficient but not greater than necessary to accomplish the purposes of sentencing, as detailed in 18 U.S.C § 3553(a). In support, he shows as follows:

**BACKGROUND**

Jaime Llanes Rendon has worked nearly every day of his life since he was 14 years old. PSR ¶¶ 43, 56, 57. He grew up in abject poverty; his home was made of dried palm trees and did not have running water or electricity. His father worked hard farming sugarcane to provide for Mr. Llanes Rendon and his ten siblings, but the family went hungry on a regular basis. Mr. Llanes Rendon had to leave school as a child in order to work to support himself and his family. PSR ¶ 43.

His drive to provide for himself and his loved ones did not abate as he became an adult. He started farming vegetables at the age of 17 and worked on farms until

1

he was arrested in connection with this case. PSR ¶ 56. Between the ages of 17 and 45, he had a second job working as a shrimp fisherman during shrimping season to supplement his farming income. Though he devoted himself for many years to two labor-intensive jobs, he never made significant strides towards financial freedom. He was making less than $250 per month when he was approached by a cartel recruiter earlier this year and, with his wife's serious, persistent medical issues on his mind, succumbed to the temptation to make enough money with one short job to pay for her desperately-needed treatment.

## SENTENCING GUIDELINES

Mr. Llanes Rendon's total offense level as calculated by United States Probation is 33, with a criminal history category of I. PSR ¶¶34, 37. The corresponding advisory sentencing guideline rage is 135-168 months. PSR ¶60. Because he meets the criteria set forth in 18 U.S.C. § 3553(f), this Court is not required to impose any mandatory minimum sentence. Mr. Llanes Rendon does not have any unresolved objections to the facts detailed in the PSR, nor does he have any unresolved objection

## REQUEST FOR A SENTENCE OF 97 MONTHS

In consideration of the appropriate sentence in this case, we are asking the Court to give significant weight to the fact that Mr. Llanes Rendon has provided truthful and reliable information to the government and law enforcement. He made this choice to provide information to law enforcement knowing that he is going to be deported back to Sinaloa, Mexico, to live amongst men that are entrenched in the

drug trafficking industry, where the government of the United States is not particularly well equipped to protect him. He is asking this Court to depart three offense levels in consideration of this additional risk.

In addition to his swift cooperation, we are asking the Court to take into account the circumstances that motivated Mr. Llanes Rendon to commit this crime. As discussed in detail in the Presentence Report and this memorandum, he made a choice to commit this offense after a largely law-abiding life, in a desperate attempt to pay for his wife's breast cancer treatment. PSR ¶ 23, 46. Despite working two jobs for most of his life, and working without a weekend break since he was 17 years old, he was making less than $60 per week at the time that he found out that his wife required expensive medical care. PSR ¶46, 56.

Lastly, we are asking the Court to consider that a sentence of 97 months is sufficient but not greater than necessary to punish Mr. Llanes Rendon for his criminal behavior, promote respect for the law, and to protect the public. To live in a prison for more than eight years would be significant for more people, but common sense dictates that it is particularly significant for someone that has never been to prison before. A sentence of ninety-seven months promotes respect for the laws of the United States by perpetuating the precedent that the consequence for violating the laws of the United States is a significant period of incarceration, even if someone is motivated to do so by sympathetic circumstances. Should the Court choose to impose 97 months, such a sentence will be more than eight years that Mr. Llanes Rendon is out of the public and unable to commit any more offenses against

society.  Ultimately, when the United States deports Mr. Llanes Rendon, the mandatory period of supervised release that will follow his incarceration will also function to deter future criminal conduct and protect the public. In short, his lack of criminal history, lack of ties to the United States, and certain future deportation suggest that this Court does not need to impose a sentence greater than 97 months to deter Mr. Llanes Rendon from committing future crimes against the United States, or to protect the public.

## CONCLUSION

This Court, considering the factors set forth in 18 U.S.C. § 3553(a), should find that a sentence of 97 months is sufficient but not greater than necessary to achieve the purposes of sentencing detailed in the statute.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*/s/ Sara L. Mieczkowski*
Sara L. Mieczkowski
Florida Bar No.0085143
Assistant Federal Defender
400 North Tampa Street
Suite 2700
Tampa, Florida 33602
Telephone:   (813) 228-2715
Facsimile:    (813)  228-2562
Email: Sara_Mieczkowski@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of October 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court, which will send a notice of the electronic filing to:

AUSA Nicholas DeRenzo

<pre>
                                        /s/ Sara L. Mieczkowski
                                        Sara L. Mieczkowski
                                        Assistant Federal Defender
</pre>